# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

Brandi Smith & Martin Smith,

    Plaintiff/Movant,

Sunrise Credit Services, Inc.; and DOES 1-10,
inclusive,

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiffs, Brandi Smith & Martin Smith, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq*. ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    Plaintiffs, Brandi Smith & Martin Smith ("Plaintiff"), are adult individuals

residing in Boulder, Colorado, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Sunrise Credit Services, Inc. ("Sunrise"), is a New York business entity with an address of 260 Airport Plaza Farmingdale New York 11735, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Sunrise and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Sunrise at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $30,000.00 (the "Debt") GCO Loan Funding Corp (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to  for collection, or  was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Engages in Harassment and Abusive Tactics

## FACTS

12. Within the last year, Sunrise contacted Plaintiff in an attempt to collect the Debt.

13. Sunrise threatened to take immediate legal action against Plaintiff if she did not immediately pay the Debt. To date, no such action has been filed.

14. Sunrise threatened Plaintiff with a wage garnishment is he did not pay the Debt immediately.

15. Sunrise failed to identify itself when speaking with Plaintiff and proceeded to hang up on the Plaintiff when he identified himself and asked who was calling. The caller ID revealed Sunrise's phone number.

16. Sunrise caused Plaintiff's telephone to ring at inconvenient times, including making a call to Plaintiff's home telephone before 7:00 A.M.

17. Sunrise failed to inform Plaintiff of her rights under the state and federal laws in the initial communication to Plaintiff, including the right to dispute the Debt.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

23.     The Defendants' conduct 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have

verification and judgment mailed to the Plaintiff.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

32. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE COLORADO FAIR DEBTCOLLECTION PRACTICES ACT
### Colo. Rev. Stat. § 12-14-101, et seq.

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

36. The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

37. The Defendants communicated with the Plaintiff in connection with the collection of a debt before 8 a.m. or after 9 p.m., in violation of Colo. Rev. Stat. § 12-14-105(1)(a).

38. In its initial written communication to the Plaintiff the Defendants failed to direct the Plaintiff to the Colorado Fair Debt Collection Practices Act, in violation of Colo. Rev. Stat. § 12-14-105(3)(c).

39. The Defendants engaged in a conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-106(1).

40. The Defendants placed telephone calls without meaningful disclosure of their

identity within sixty seconds after an initial call to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-106(1)(f).

41.     The Defendants falsely represented or implied that nonpayment of a debt would result in the arrest or imprisonment of the Plaintiff or in the seizure, garnishment, attachment, or sale of any property or wages of the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-107(1)(d).

42.     The Defendants threatened to take action that could not legally be taken or that was not intended to be taken, in violation of Colo. Rev. Stat. § 12-14-107(1)(e).

43.     The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that unless the Plaintiff, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(c).

44.     The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that if the Plaintiff notified the Defendants in writing within the thirty-day period that the debt, or any portion thereof, was disputed, the Defendants would obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment would be mailed to the Plaintiff by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(d).

45.     The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that upon the Plaintiff's written request within the thirty-day period, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Colo. Rev. Stat. § 12-14-109(1)(e).

46.     The foregoing acts and omissions of the Defendant constitute numerous and

multiple violations of the CFDCPA, including every one of the above-cited provisions.

47. The Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-113(1)(a);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-113(1)(b);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

4. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 2, 2011

Respectfully submitted,

By __/s/ Lark Fogel_____

Lark Fogel, Esq.
Bar Number: 030383
P.O. Box 2486
Elizabeth, Colorado 80107
Tel. 303.596.4838

Fax.203.653.3424
larklaw@gmail.com
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424


<u>Plaintiff:</u>
Brandi Smith & Martin Smith
2900 Aurora Ave. Apt #326
Boulder, Colorado 80303